PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS KLEIN, | ) | CASE NO. 4:19CV8 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| RICHARD A. BOWEN, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 3] |

*Pro se* Plaintiff Thomas Klein, a prisoner in the Ohio State Penitentiary, filed suit under 42 U.S.C. § 1983 against Ohio State Penitentiary Warden Richard A. Bowen, Deputy Warden Palmer, Mail Room Supervisor Lt. Bowen, and Chaplain Rader. For the reasons that follow, the Court dismisses Plaintiff's claims against all Defendants.

## I. Background[1]

Plaintiff is an inmate incarcerated at the Ohio State Penitentiary. ECF No. 1 at PageID #: 2. He alleges that he desired to obtain a "Black Sun Necklace with Runes." *Id.* at PageID #: 3; ECF No. 1-9. Plaintiff claims the necklace is a religious pendant representative of his status as a member of the Odinism faith. ECF No. 1 at PageID #: 3-4. Plaintiff alleges he was not sure of the "exact rules" pertaining to obtaining permission for a religious pendant. *Id.* at PageID #: 3.

---

[1] Shortly after filing his original complaint, ECF No. 1, Plaintiff filed a motion for permission to supplement his complaint, ECF No. 3, attaching a proposed supplemental complaint, ECF No. 3-1. The Court grants Plaintiff's motion to supplement his complaint. Plaintiff also filed an "Amended Complaint," ECF No. 4, and a "Further Amendment," ECF No. 6. The Court construes these filings as supplemental pleadings to his operative complaint.

(4:19CV8)

He first wrote to Lt. Bowen to ask whether his ordering the pendant he desired "was going to be a problem." *Id.* at PageID #: 5. Lt. Bowen told Plaintiff that he should kite his unit manager or the prison chaplain. ECF No. 1-6 at PageID #: 21. Plaintiff complied, kiting Chaplain Rader. ECF No. 1 at PageID #: 5. In response, Chaplain Rader directed Plaintiff to submit a request for religious accommodation form. *Id.*

Plaintiff completed and submitted a request for religious accommodation form. *Id.* Before he received a response to his request, he ordered the pendant, assuming that there was no legitimate reason to deny his request. *Id.* at PageID #: 5-6. Chaplain Rader, however, denied Plaintiff's religious accommodation request, finding that Plaintiff "did not articulate the connection of the Black Sun to his faith" and did not follow the prison's procedure for requesting religious accommodations. *Id.* at PageID #: 6; ECF Nos. 1-2, 1-3. At Chaplain Rader's direction, Lt. Bowen confiscated the pendant as contraband. ECF No. 1 at PageID #: 6.

In response, Plaintiff initiated the grievance process by filing an informal complaint resolution form with Deputy Warden Palmer. *Id.* Palmer and Warden Bowen upheld Chaplain Rader's decision. *Id.* Plaintiff then sent an informal complaint to Lt. Bowen. ECF No. 1-12. In response, Plaintiff received a Notice of an Unauthorized Item Received, informing him that the item was seized as nuisance contraband. ECF No. 1-10. Plaintiff again wrote to Lt. Bowen, who notified Plaintiff that he should write to Chaplain Rader. ECF No. 1-13.

Plaintiff subsequently filed two Notification of Grievance forms. ECF Nos. 1-15, 1-16. The grievances were denied on the grounds that Plaintiff violated ODRC policy by ordering his

2

(4:19CV8)

necklace prior to obtaining approval for his request for a religious accommodation and Plaintiff failed to "articulate the connection of the black sun to [his] faith." ECF Nos. 3-3, 3-4.

Plaintiff appealed the denial of his grievances. ECF No. 6 at PageID #: 134. Plaintiff received a response from the Religious Services Administrator, providing that "[I]t seems that this is a matter of proper procedure related to the expectation of the institution regarding receipt of the item into the facility. Please discuss the appropriate process for approval and for the potential obtaining the item with your institution chaplain and/or unit staff." ECF No. 6-1.

Plaintiff was subsequently informed:

> In accordance with 61-PRP-01(c)(3) Items may only be ordered from current DRC approved vendor catalog. A religious accommodation allows you to order from additional vendors. In accordance with 72 Reg 02 please follow the procedures and make the request [for a religious accommodation] using DRC 4326 prior to completing the requested activity.

ECF No. 6-2.

Plaintiff has not alleged that he re-submitted a request for a religious accommodation using DRC 4326, as instructed. Instead, he contends that he need not comply with the prison's religious accommodation procedure. ECF No. 6 at PageID #: 135.

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.

1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

(4:19CV8)

defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### III. Analysis

Plaintiff alleges he "was never supposed to be subjected to the process of securing a religious accommodation before, and in order to, order[] [his] pendant." ECF No. 1 at PageID #: 7. He contends that requiring him to do so violates his right to religious freedom under the Free Exercise Clause and Establishment Clause and discriminates against him and members of his faith in violation of the Equal Protection Clause. *Id.* at PageID #: 9, 11.

Although prisoners retain the right under the First Amendment to the free exercise of their religion, *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001), that right is not absolute. "[T]he circumstances of prison life may require some restrictions on prisoners' exercise of their religious beliefs," requiring a court to "balance the prisoners' constitutionally protected interest in the free exercise of their religious beliefs against the state's legitimate interests in operating its prisons." *Walker v. Mintzes,* 771 F.2d 920, 929 (6th Cir. 1985).

A prisoner bringing a free exercise claim has the initial burden of establishing "that the disputed conduct substantially burdens his sincerely held religious beliefs." *See Salahuddin v. Goord*, 467 F.3d 263, 275 (2d Cir. 2006); *see also Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (citing *Salahuddin* for the proposition that a plaintiff must show a substantial burden "at the threshold"). If the plaintiff does so, the burden shifts to the defendant to identify legitimate penological interests which justify the restriction. *Salahuddin*, 467 F.3d at 275.

5

(4:19CV8)

Further, when a prison regulation substantially infringes on an inmate's First Amendment religious practices, "the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Prison officials are accorded wide latitude and deference in the adoption and application of prison policies and procedures in this regard. *See Bell v. Wolfish*, 441 U.S. 520, 546 47 (1979); *see also Flagner*, 241 F.3d at 481 ("To ensure that courts afford appropriate deference to prison officials, the Supreme Court has determined that prison regulations alleged to infringe constitutional rights are judged under a reasonableness test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights.") (internal quotations omitted). "[B]ecause 'the problems of prisons in America are complex and intractable,' and because courts are particularly 'ill equipped' to deal with these problems, [courts] generally have deferred to the judgments of prison officials in upholding these regulations against constitutional challenge." *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (quoting *Procunier v. Martinez*, 416 U.S. 396, 404 05 (1974)) (internal citation omitted). "Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities." *Turner*, 482 U.S. at 85.

When the relevant law is applied, Plaintiff has not alleged a plausible free exercise claim. Even assuming Plaintiff's professed adherence to Odinism is sincere, his allegations are insufficient to suggest that Defendants have imposed a substantial burden on his beliefs. Plaintiff alleges that prison officials have repeatedly interpreted prison procedures as requiring him to apply for a religious accommodation in order to obtain the pendant he seeks from a non-approved vendor. ECF No. 1 at PageID #: 7; ECF No. 3-1 at PageID #: 78. The prison officials'

6

(4:19CV8)

interpretation of ODRC's prison rules are entitled to deference, notwithstanding Plaintiff's contrary interpretation. Moreover, it is apparent on the face of his pleadings that an avenue may exists for him to obtain the pendant he seeks by following the proper procedures. ECF Nos. 6-1, 6-2. Requiring Plaintiff to follow applicable prison procedures does not impose a substantial burden on the exercise of his professed religious beliefs. *See Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 37 (6th Cir. 2007) (a government's action constitutes a substantial burden when it forces an individual to choose between "following the precepts of her religion and forfeiting benefits," but not when it merely imposes an inconvenience or makes the practice of one's religion more difficult or expensive).

Additionally, Plaintiff has not alleged facts sufficient to support a claim under the Establishment Clause. Plaintiff contends Defendants violated the Establishment Clause by requiring any purchase of religious materials to be made through one of three ODRC-sanctioned vendors. ECF No. 6 at PageID #: 136. The prison policies Plaintiff challenges apply to all orders of religious pendant from non-approved vendors, not just orders of Odinist pendants. Such a ban does not suggest a violation of the Establishment Clause. "The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another." *Maye v. Klee*, 915 F.3d 1076, 1084 (6th Cir. 2019). The prison policies at issue do not prefer one particular religion or religious institution over another.

Finally, Plaintiff has not alleged a plausible claim under the Equal Protection Clause. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate

7

(4:19CV8)

treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"
*Ctr. for Bio Ethical Reform, Inc.*, 648 F.3d 365, 379 (6th Cir. 2011). Plaintiff has not alleged that any other inmate who wished to order a religious pendant from a non-approved vendor was permitted to so without being subjected to ODRC's procedural requirements. He has accordingly not pleaded that he was subjected to disparate treatment.

## IV. Conclusion

Plaintiff's motion to supplement his complaint is granted. ECF No. 3. However, because Plaintiff has not stated a plausible claim for relief, Plaintiff's complaint is summarily dismissed for failure to state a claim in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

July 23, 2019            */s/ Benita Y. Pearson*
Date                                                  Benita Y. Pearson
                                                         United States District Judge